ON SUPERVISORY WRITS TO THE THIRTY-FIRST JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON DAVIS
PER CURIAM:
11Denied. Because relator was convicted of second degree murder, committed after July 2, 1973, and before June 29, 1979, he is eligible for parole after serving 40 years of his sentence under 2017 Act 280. This term corresponds to the penalty in-effect at the time of relator’s offense, and therefore no relief is due. To the extent relator seeks to withdraw his guilty plea, his- application is time-barred. See La.C.Cr.P. Art. 930.8; State ex rel. Glover v. State, 93-2330 (La. 9/5/95), 660 So.2d 1189.
Relator has .exhausted his right to obtain post-conviction relief in state court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a successive application only under the narrow circumstances provided in La.C.Cr.P, art. 930.4 and within the limitations period as set out in La.C.Cr,P. art.930.8. Notably, the Legislature in 2013 La. Acts 251 amended that article to make the procedural bars against successive filings mandatory. Relator has filed an application for post-conviction relief in the district court, and the district court’s ruling denying relief is now final. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a | ^successive application applies, relator has exhausted his right to state collateral review. The district court is ordered to record a minute entry consistent with this per curiam.